UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BROOKE KLEVEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ST. JOSEPH COUNTY, et al.,<br><br>    Defendants. | Case No. 3:21-CV-961 JD |

# OPINION AND ORDER

The plaintiffs, Brooke Kleven and Christopher Kleven ("The Klevens"), have moved for this case to be remanded to the Indiana state court where they initially filed their lawsuit.[1] (DE 36). Defendants, St. Joseph County, Jeffery Downey, Jennifer Stitsworth, Clay Township, City of Mishawaka, and Motorola Solutions, Inc., oppose the motion.[2] For the reasons stated below, the motion to remand will be denied.

As procedural background, the Klevens initially filed their lawsuit against the Defendants in St. Joseph County, Indiana Circuit Court in November 2021. The suit contains nine claims, with claims I through III being federal law claims under 42 U.S.C. §1983 and claims IV through IX being Indiana state law claims. In December 2021, the Defendants removed the case to federal court.

---

[1] The Court notes that the Klevens did not file a reply brief and thus this motion is ripe for adjudication.

[2] The Court also notes that principal response was filed by Defendants St. Joseph County, Jeffery Downey, Jennifer Stitsworth, and Clay Township ("the St. Joseph County defendants") (DE 42), which was joined in full by defendants City of Mishawaka, Great Lakes Capital Management, LLC and Bradley Company, LLC, and Motorola Solutions. Greatlakes Capital Management and Bradley Company filed a supplemental brief (DE 44) and Motorola Solutions also filed its own supplemental brief (DE 45). Unless otherwise specified, references to "the Defendants' brief" will be referring to the St. Joseph County response (DE 42).

The Klevens present three arguments in favor of remand. First, they argue that the removal procedure was defective because several of the Defendants failed to join in the Notice of Removal.[3] Specifically, the Klevens argue these Defendants failed to consent to removal of the action by not including their e-mail addresses or phone numbers in their signature blocks on the Notice of Removal. Second, the Klevens argue that the Notice of Removal was defective because it did not include a copy of all processes, pleadings, and orders served upon the Defendants in the state court proceeding. Third, the Klevens argue, that in the alternative to a complete remand, Counts IV through IX should be severed and remanded to state court as they raise a novel issue of Indiana state law which is best resolved by the state courts. The Court will address each argument in turn.

**A. The alleged error in the Defendants' signature blocks does not merit remand.**

The Klevens' first argument is that some of the Defendants failed to consent to removal as their signature blocks on the Notice of Removal did not include street and email addresses.

The Klevens' correctly note that in order for a removal to be procedurally proper, all the defendants in an action must timely consent to removal in writing. 28 U.S.C. § 1446(b)(2)(A); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). Further, this written consent must include signatures that comply with Federal Rule of Civil Procedure 11. 28 U.S.C. §1446(a). Rule 11 requires that signatures contain the signer's name, address, e-mail address, and telephone number. Fed. R. Civ. P. 11(a). Additionally, the defect of failing to include other defendants' consent may only be cured within the 30-day time period after filing the Notice of

---

[3] Specifically, Defendants City of Mishawaka, Clay Township, Great Lakes Capital Management, LLC d/b/a City Plaza, LLC, Bradley Company, LLC, and Motorola Solutions, Inc.

Removal. 28 U.S.C. § 1446(b); *Morgan v. Town of Georgetown*, 2021 WL 2801351, *4 (S.D. Ind. July 5, 2021).

The Klevens argue that in light of this rule, the omission of the address portions of the signature and the passage of the 30-day time period means that not all the defendants have consented to removal and therefore this case should be remanded. The Klevens do not cite any specific caselaw to support their argument that a missing address line is a fatal defect. The Klevens also do not allege they suffered any prejudice as a result of these deficient signatures.

The Defendants do not dispute the signature blocks are incomplete or that the 30-day time period has expired. Rather, the Defendants argue that the omission of the address lines doesn't constitute a fatal defect. In support, the Defendants cite to *Wilkinson v. United States*, a case from our sister court in the Western District of North Carolina, which held that a signature block missing an address line nonetheless satisfied the purpose of Rule 11 and was sufficient under § 1446(a). 724 F.Supp 1200, 1204–05 (W.D.N.C. 1989). The reasoning of *Wilkinson* began with recognizing that the purpose of Rule 11's signature requirement was to impose a moral responsibility on the signatory to satisfy herself that upon information, knowledge and reasonable inquiry the document being signed had both factual and legal support. *Id.* at 1204 (citing Fed. R. Civ. P. 11). The *Wilkinson* court then reasoned that the omission of the address line did not circumvent the purpose of this Rule. *Id.* In light of this and considering the lack of prejudice alleged by the plaintiff, the Court concluded that the imperfect signature was sufficient to satisfy §1446(a). *Id.* at 1204–05. The Defendants argue that *Wilkinson*'s reasoning applies with equal force to this case given the similar facts and lack of prejudice alleged by the Klevens.

While there are several cases from within this Circuit noting that the requirement for a signature is strictly enforced, there does not appear to be a case on point about an allegedly

deficient signature. *See e.g. Morgan*, 2021 WL 2801351 at *5 (holding that one attorney signing on behalf of all defendants without indicating who the defendants were is not sufficient to establish consent for the unlisted parties); *Komacko v. Amer. Erectors, Inc.*, 2013 WL 3233229 *2 (N.D. Ind. June 25, 2013) (holding that an email and letter by defendant's counsel was insufficient to establish consent under § 1446).

The Court's research indicates that district courts across the country have reached conclusions similar to the one in *Wilkinson* and declined to strike filings over imperfect compliance with Rule 11. *See e.g. Coleman v. Mckenzie-Kelly*, 2021 WL 3673111, *4 (S.D. Miss. Aug. 18, 2021) (holding the failure to include an address with the signature only required direction to correct the violation in future filings and not dismissal of the action); *Drake v. No Named Respondent*, 2012 WL 4955238, *2 (D. Colo. Oct. 17, 2012) (directing a plaintiff to correct a deficient signature block but not dismissing the complaint); *V.P. Music Grp., Inc. v. McGregor*, 2012 WL 1004859, *4 (E.D.N.Y. May 23, 2012) (declining to strike an answer and counterclaim missing contact information as striking was not required by Rule 11 and striking the documents would be wasteful of the Court and parties' resources). Further, the Seventh Circuit has noted that "inconsequential defects" in removal papers do not deprive a district court of jurisdiction and cautioned against remand as the remedy for "trivial oversight[s]" in removal papers. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (internal citations omitted).

Given the strength of the reasoning in *Wilkinson*, the factual similarities between this case and *Wilkinson*, and the support for a *Wilkinson* style reasoning among other district courts, the Court agrees with the Defendants and will not order a remand on the basis of the incomplete signature blocks. Nonetheless, the Defendants are advised to properly format their signature blocks in their future filings.

**B. The Defendants have not failed to include a copy of all processes, pleadings, and orders served upon the Defendants.**

The Klevens' second argument in favor of remand is that the Defendants' failed to include copies of several documents alongside their Notice of Removal as is required by statute. 28 U.S.C. 1446(a). Specifically, the Klevens allege that the Defendants did not attach copies of any summonses and processes served upon the Defendants, Clay Township's motion for enlargement of time, and the state court's order granting that motion for enlargement of time. (DE 36 at 5.) The Klevens do not argue they suffered any prejudice from this alleged failure. The Court concludes this argument is without merit.

As the Defendants point out, almost every single allegedly missing document is clearly present in the record. This includes the summonses to every defendant and proof of service to every defendant except Motorola (DE 14-1 at 147–57, 160–71), as well as Clay Township's motion and the state court order granting the motion (DE 14-1 at 187–90). Therefore the Court finds no error by the Defendants or basis for remand relating to these documents.[4]

The Defendants acknowledge that their Notice of Removal does not contain a proof of service document for the Defendant Motorola Solutions but represent to the Court that is because no such document was ever filed in the state court docket (DE 42 at 4). They note that while the other Defendants were served by the Sheriff of St. Joseph County, Indiana, Motorola was served by the Sheriff of Cook County, Illinois (DE 36-2). Therefore it is possible the proof of service

---

[4] The Klevens' motion to remand includes, as its Exhibit A, the state court docket summary sheet, which the Klevens indicate was included with the Notice of Removal but is insufficient to satisfy the requirements of §1446(a). (DE 36-1). For reasons unknown to the Court, the Klevens do not seem to recognize the Defendants' Notice of Removal filing which includes the summary sheet as well as copies of the relevant documents (DE 14-1).

5

was not sent by the Cook County Sheriff to the Indiana court. The Klevens do not take a position on whether that proof of service was ever included in the state court docket (DE 36 at 5 n.1). Given the lack of response by the Klevens, the Court has no reason to doubt the veracity of Defendants' representations to the Court. As such, the Court concludes the Defendants have satisfied their §1446(a) obligations and remand is not required on that basis.

In the alternative, Motorola argues that even if certain documents were omitted that does not preclude removal as it amounts to an inconsequential defect which does not deprive the Court of jurisdiction over this case. In support, Motorola cites to the Seventh Circuit case of *Walton v. Bayer Corporation*. 643 F.3d at 999. The Court finds *Walton* instructive and, in the alternative, would agree that the allegedly missing proof of service is an inconsequential defect. *Walton* itself involved the issue of the defendants failing to include summonses in their removal papers within the 30-day deadline after initiating removal. *Id.* at 998. The *Walton* court analogized that, much like how defects in a notice of appeal which are inconsequential —that is "incapable of misleading or otherwise harming anyone"— do not deprive the appellate court of jurisdiction, totally inconsequential defects in the Notice of Removal papers do not deprive the district court of jurisdiction. *Id.* at 998–99. Further, the *Walton* court held remand would be a disproportionate sanction for the trivial oversight in that case. *Id.* at 999.

The Court also notes that the Klevens' do not cite to a legal authority indicating that proof of service documents are essential to satisfy §1446(a). Another court within this District has expressly held they are not. *Masterman v. Healthmarkets Insurance Co.*, 2014 WL 12784420

*3 (N.D. Ind. June 30, 2014). Therefore Court concludes that even if the Motorola's proof of service was omitted from the Notice of Removal, the error would not require remand.[5]

**C. The Klevens have not shown this case raises a novel issue of state law or that the presence of such an issue would require remand.**

The Court turns now to the Klevens' alternative argument, that Counts IV through IX should be severed and remanded because these claims raise a novel issue of Indiana law.

The background for the allegedly novel issue is that Indiana law previously provided broad immunity to governmental entities and their employees for adopting, implementing, operating, maintaining, or using an enhanced emergency communication system. (DE 36 at 6 (citing Ind. Code § 34-13-3-3(a)(19)). More recently, the Indiana legislature enacted a law providing immunity for a political subdivision, and their employees from liability for establishing, developing, implementing, maintaining, operating, and providing 911 services *except in the case of willful or wanton misconduct*. (*Id.* (citing Ind. Code § 36-8-16.7-43) (emphasis added by the Court)).

The Klevens first argue that the intersection of these two statutes, namely whether § 36-8-16.7-43 creates an exception to the broader immunity enshrined in § 34-13-3-3(a)(19)), constitutes a novel issue of Indiana state law which is best resolved by the Indiana state courts. Further, that because the outcome of this issue determines how their state law claims would fare, those claims should be remanded. Second, the Klevens argue the Court has a legal obligation to

---

[5] The Court recognizes Walton is distinct as the missing summonses there were filed five days after the deadline, and it appears the Motorola proof of service has yet to be filed in this case. *Id.* at 998. But given it is unclear the Motorola proof of service was ever filed in this case; this distinction is irrelevant for the Court's analysis.

7

decline the exercise of supplemental jurisdiction over their state law claims given the novel state law issues.

Defendant Motorola argues that there is no novel legal issue in this case as the Indiana courts have already decided this issue in the case of *Howard County Sheriff's Dept' et al. v. Duke*. 172 N.E.3d 1265 (Ind. Ct. App. 2021) (transfer denied sub. nom. *Howard Cty. Sheriff v. Duke*, 175 N.E.3d 273 (Ind. 2021)). The St. Joseph County defendants also argue that the Klevens have not cited any case law which would require the Court to remand this case solely because a novel issue of state law may be at play. The Court agrees with both arguments and will deny the request to sever and remand the state law claims.

To begin, the Court finds that *Howard County* squarely addresses the issue presented by the Klevens and thus there is no novel issue of state law at play. In *Howard County* the Indiana Appellate Court had to decide whether the broad immunity of §34-13-3-3(a)(19) was limited by the enactment of § 36-8-16.7-43. *Id.* at 1270–71. The court held that it did, and the broad immunity of §34-13-3-3(a)(19) was precluded in cases where the plaintiff could establish willful or wanton misconduct. *Id.* at 1272. The Indiana Supreme Court subsequently denied transfer of the case. 175 N.E.3d 273. In light of the *Howard County* decision, the Klevens' proposed novel legal question is no longer novel and therefore is no obstruction to the Court's continued exercise of jurisdiction over this case.

The Court will separately note that even if the novel legal issue remained, it would have still been appropriate to retain supplemental jurisdiction. As a preliminary matter, it is a matter of judicial discretion whether to decline to exercise supplemental jurisdiction because the case involves a novel state law claim. 28 U.S.C. § 1367(c)(1). The Klevens cited to two cases in support of their argument for remand; *Cox v. City of Indianapolis*, 2012 WL 2327690 (S.D. Ind.

June 19, 2012), and *Wentzka v. Gellman*, 991 F.2d 423 (7th Cir. 1993). The issue with these cases is that they deal with situations where the federal law claims had been extinguished and there were only state law claims remaining before the federal court. *Wentzka*, 991 F.2d at 424; *Cox*, 2012 WL 2327690 at *1. This is a crucial distinction as the Klevens' claims under 28 U.S.C. § 1983 are still properly before this Court and those claims involve the same facts as their state law claims.

Due to the common facts underlying both sets of claims, a partial remand would in effect be forcing the defendants to maintain the same lawsuit in two different courts, with different sets of deadlines governing the numerous obligations that presenting their defense entails. The Supreme Court has admonished district courts contemplating whether to remand an action to state court to consider the "values of judicial economy, convenience, fairness, and comity." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (international quotation marks and citation omitted).

In applying these values to the instant case, it is an easy call that judicial economy, convenience, and fairness are best served by the Court retaining the case. Retention means the parties are only required to litigate this matter in one court with one common set of deadlines and controlling rulings. This would most effectively conserve judicial and party resources and keep the litigation process as simple and coordinated as possible. While comity may be better served by allowing an Indiana state court to handle a novel issue of state law, that value is marginal at best. The Court would be just as capable of performing the straightforward statutory interpretation work required of the issue as the Indiana state courts would, even if the interests of comity and federalism might favor allowing the state judiciary to resolve novel issues in their state's laws. *See generally Reich v. Great Lakes Indian Fish and Wildlife Comm'n*, 4 F.3d 490,

9

495 (7th Cir. 1993) (generally explaining the doctrine of comity). Ultimately, the marginal comity interest weighing in favor of remand would be outweighed by the weight of the other concerns that firmly favor this Court retaining jurisdiction. Therefore, the Court will deny the Kelvens' alternative request to sever their case and remand their state law claims.

### D. Conclusion

Accordingly, the Klevens' amended motion to remand is DENIED (DE 36) and their motion to remand is DENIED as moot (DE 35).[6]

SO ORDERED.

ENTERED: July 5, 2022

                                              /s/ JON E. DEGUILIO
Chief Judge
United States District Court

---

[6] The Klevens original motion to remand (DE 35), which raises the same legal arguments as the amended motion, is moot in light of the Court's resolution of the amended motion on the merits.