UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BROOKE KLEVEN *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:21-CV-00961-DRL-MGG |
| CITY OF MISHAWAKA *et al.*, | |
| Defendants. | |

OPINION AND ORDER

In December 2019, Brooke Kleven and her three children were traveling on East University Drive when she lost control of her vehicle and slid into a retention pond. Tragically, two of the children died. Brooke and Christopher Kleven, on behalf of themselves and their children, filed suit in Indiana state court claiming violations of 42 U.S.C. § 1983 (Fourteenth Amendment) against St. Joseph County, Jeffrey Downey, and Jennifer Stitsworth and violations of the Indiana Tort Claims Act and the Child Wrongful Death Act against the City of Mishawaka, Great Lakes Capital Management, LLC, City Plaza, LLC, and Bradley Company, LLC. The case was removed.

After reaching an agreement with certain defendants—namely the parties defending the only federal claims—the Klevens filed an amended complaint. The amended complaint alleged only state law claims against the remaining defendants. Each defendant answered, and then moved to dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1). The Klevens filed a motion for the court to remand all claims only after ruling on their pending discovery motions. The court grants the motion to remand, but denies the other relief requested today.

In any civil action in which a district court has original jurisdiction, the court also has supplemental jurisdiction over all other claims that are so related to the claims supported by original

jurisdiction that they form "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy sufficient for the district court to hear the whole case when the state and federal claims derive "from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). If, before final judgment, a district court determines it lacks subject matter jurisdiction over a case removed from state to federal court, the case shall be remanded to the state court. 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3).

There is no timeliness issue because subject matter jurisdiction cannot be waived. That said, no one contests that the court had subject matter jurisdiction at the time of removal—after all, the Klevens asserted federal questions—and the court rarely loses jurisdiction once it has it, save for certain limited exceptions. For instance, a plaintiff who chooses a federal forum by filing a suit directly there and later amends the complaint to remove the basis for jurisdiction can divest jurisdiction, *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007), but not when the amendment occurs after a defendant removes a case, *see id.* at 474 n.6; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346, 357 (1988); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). This case arrived here by way of removal, so the amendment isn't the critical means by which this case must be remanded.

Instead, when "federal claims drop out of the case, leaving only state-law claims, the court has "broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims." *Rongere v. City of Rockford,* 2024 U.S. App. LEXIS 10462, 20 (7th Cir. 2024) (quoting *RWJ Mgmt Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012)); *see also* 28 U.S.C. § 1367(c)(3) (may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) (same). In making this decision, the court weighs "the factors of judicial economy,

convenience, fairness, and comity." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 172-73 (1997).

Federal questions conferred subject matter jurisdiction at removal. After removal, the amended complaint eliminated these federal issues; indeed, it now characterizes the action as arising under state law only (and only previously federal law). So the question is whether to decline jurisdiction, not whether jurisdiction has been lost. On that question, the court has not invested significant resources in the case, nor does the case nearly approach trial such that judicial economy or convenience mandate keeping the case. These factors instead favor declining jurisdiction under § 1367. Although the case began in 2021, it remains in the earlier stages of discovery (deadline in May 2025). There is no gamesmanship promoted by permitting all sides to have their discovery issues decided in the same court that might also need to enforce any order to compel or that will address the merits of the remaining claims, so the motions to compel (still being briefed) will not be decided here. Comity likewise favors letting a state forum (rather than a federal court) decide matters of state law.

## CONCLUSION

Accordingly, the court GRANTS IN PART the motion to remand [119], DENIES AS MOOT the motion to dismiss [117], DENIES AS MOOT the motions to compel [114, 116], and REMANDS this case to the St. Joseph Circuit Court for further proceedings.

SO ORDERED.

June 28, 2024　　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court